IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROBERT FRANK SMITH, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | NO. 5:16-CV-00333-MTT-CHW |
| VS. : | |
| : | |
| Deputy Warden HILL, *et al.*, : | |
| : | |
| Defendants. : | |

_____

# **O R D E R**

Plaintiffs Robert Frank Smith and David Cordova, inmates currently incarcerated at the Hancock State Prison in Sparta, Georgia, have filed a *pro se* Complaint with the Court pursuant to 42 U.S.C. § 1983 (ECF No. 1), complaining about various issues related to their incarceration and purporting to represent a class of "all others similarly situated." Plaintiff Smith alone has signed the Complaint; in addition, only Plaintiff Smith has filed a motion to proceed *in forma pauperis* (ECF No. 2). Plaintiff Smith has also filed a motion for an injunction (ECF No. 6), a motion to amend the complaint (ECF No. 7), a motion to amend his motion for preliminary injunction (ECF No. 8), and a motion for the Court to "invoke state court pendent jurisdiction" (ECF No. 9); it is unclear whether Plaintiff Cordova intends to join in any or all of these motions.

The Prison Litigation Reform Act of 1995 (the "PLRA") requires that a prisoner bringing a civil action *in forma pauperis* be responsible for this Court's filing fee. 28

U.S.C. § 1915(b).  The Eleventh Circuit Court of Appeals has held that prisoners proceeding *in forma pauperis* are not allowed to join together as plaintiffs in a single lawsuit and pay only a single filing fee.  Instead, each prisoner must file his own lawsuit and pay the full filing fee.  *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001).  As the Eleventh Circuit in *Hubbard* noted, requiring each plaintiff to pay the full filing fee is consistent with Congress's purpose of imposing costs on prisoners to deter frivolous suits.  *Id.* at 1197-98.

Further, to the extent Plaintiffs seek to bring their claims as a class action on behalf of their fellow inmates, a *pro se* Plaintiff may not represent the interests of other prisoners.  *See e.g., Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")).  And to the extent the Complaint can be construed as indicating that *pro se* Plaintiff Smith is representing Plaintiff Cordova, this same principle would likewise prohibit such representation.  *See Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (per curiam) (affirming dismissal of the portion of prisoner's complaint that sought relief on behalf of prisoner's fellow inmates).[1]

Applying these principles to the case at hand, Plaintiffs are not permitted to proceed

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

*in forma pauperis*. As it does not appear Plaintiffs' claims would be barred by the applicable statutes of limitations if they are required to refile their claims, they are **DISMISSED WITHOUT PREJUDICE** and all pending motions are **DENIED as moot.** Each Plaintiff may file a separate complaint, in which he asserts only claims personal to him, if he so chooses. Each Plaintiff should also either pay the filing fee or submit a proper motion to proceed *in forma pauperis*.

    **SO ORDERED**, this 18th day of August, 2016.

                                              S/ Marc T. Treadwell
                                              MARC T. TREADWELL, JUDGE
                                              UNITED STATES DISTRICT COURT