IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | :  | |
|---|---|---|
| **ROBERT FRANK SMITH**, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | NO. 5:16-CV-00333-MTT-CHW |
| VS. | : | |
| | : | |
| **Deputy Warden HILL**, *et al*., | : | |
| | : | |
| Defendants. | : | |

_____

## O R D E R

*Pro se* Plaintiff Robert Frank Smith has filed a motion to set aside the judgment in this case and to "reinstate" his § 1983 claim and all other motions denied by this Court as moot (ECF No. 13). In his motion, Plaintiff Smith argues that the Court erred in dismissing the entirety of his Complaint and contends that he should have dismissed "only that '[p]ortion' of the complaint that sought relief on the behalf of fellow inmates." (Mot. Set Aside J. 2, ECF No. 13 (alteration in original).)

The Court will construe Plaintiff Smith's motion as one seeking relief pursuant to Federal Rule of Civil Procedure 60(b). Federal Rule of Civil Procedure 60(b) permits the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Plaintiff Smith's motion does not meet this standard.

The Court did not err in dismissing the Complaint in this case and can discern no

other reason for granting the relief Plaintiff Smith seeks. It is well-established in the Eleventh Circuit that prisoners proceeding *in forma pauperis* are not allowed to join together as plaintiffs in a single lawsuit and pay only a single filing fee. *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001). The Complaint in this case comprises a number of different claims against many Defendants, and it is unclear which Defendants participated in the alleged violations of Plaintiff Smith's constitutional rights. It is thus necessary for Plaintiff Smith to refile his Complaint to identify only those claims personal to him and to eliminate all references to the claims made by his co-Plaintiff or any other person with whom he contends he is "similarly situated" in the Hancock State Prison. Plaintiff Smith's Complaint was dismissed without prejudice to his refiling the Complaint in accordance with these instructions. Plaintiff Smith's motion to set aside (ECF No. 13) is therefore **DENIED.**

.                           **SO ORDERED** this 14th day of December, 2016.

                                        S/ Marc T. Treadwell
                                        MARC T. TREADWELL, JUDGE
                                        UNITED STATES DISTRICT COURT